## TEXAS INDEMNITY INS. CO. v. DUNN.

### No. 2859.

Court of Civil Appeals of Texas.
Tenth District. Waco.

June 2, 1949.

Rehearing Denied July 14, 1949.

Street & Street, H. S. Beard, Waco, for appellant.

W. C. Haley, Waco, for appellee.

LESTER, Chief Justice.

This is a compensation suit in which the jury found the appellee sustained total and permanent incapacity as a result of an alleged accident.

■ Appellant's first point is: "The case should be reversed because the evidence is insufficient to support a finding of total and permanent incapacity resulting from the alleged accident and because the evidence shows conclusively that appellee has not suffered total and permanent incapacity as a result of the alleged accident. (Germane to Assignment of Error No. 8)." Assignment No. 8 of appellant's amended motion for a new trial is as follows: "The trial court erred in entering judgment against defendant because the evidence showed conclusively that plaintiff had not suffered total and permanent disability." It is readily observed that the appellant did not raise the question of the insufficiency of the evidence to support the judgment of the trial court, but the only point called to the attention of the court was that the evidence showed conclusively that appellee did not sustain total and permanent incapacity. The question of the insufficiency of the evidence not being raised by said motion in the court below, the appellant is not entitled to raise it for the first time in this court. Rules Nos. 320 and 321, Texas Rules of Civil Procedure; Collins v. Smith, 142 Tex. 36, 175 S.W.2d 407; Texas Indemnity Ins. Co. v. Warner, Tex.Civ.App., 159 S.W.2d 173; Traders & General Ins. Co. v. May, Tex.Civ.App., 168 S.W.2d 267. Assignments of error of this nature must be set out in the motion for a new trial in cases in which such a motion is required to be filed as a basis upon which the appeal is predicated, and when such an error as here complained of is not set up in such way as that the point of objection can be clearly identified and understood by the trial court it cannot be considered on appeal.

■ Since the question of the insufficiency of the evidence was not properly raised, we can consider the evidence only in the light to determine whether there is any evidence in the record that will support the judgment rendered. DeWitt v. Brooks, 143 Tex. 122, 182 S.W.2d 687, point 10; Wisdom v. Smith, Tex.Sup., 209 S.W.2d 164. Appellant contends that the evidence as a whole, and especially when considered with the report of Dr. Hipps of date May 12, 1948, and the agreement of counsel in respect thereto, shows conclusively that the appellee did not sustain total and permanent incapacity; and further, that the appellee is bound by the facts stated in the report as the result of said agreement, and that the case should be reversed and rendered. The record does not disclose the fact, but it is admitted by counsel before this court that Dr. Hipps was out of the city when the case was tried and counsel for both parties had agreed that Dr. Hipps' reports of his examinations of the appellee could be introduced in evidence. The appellee introduced, without objection, Dr. Hipps' report of January 8, 1948, and the X-ray plates he had taken of the appellee. Appellant's counsel offered in evidence the report of May 12th and asked: "May I state here, it is agreed that if Dr. Hipps were present that he would testify as reported in the report which was introduced yesterday and that this report is correct?" to which appellee's counsel replied: "Right." Appellee contends that it was not the intention of counsel that appellee should be bound by the facts reflected in the report but it was the understanding of counsel that the facts set out in the report were only the opinion of the doctor. The record discloses that subsequent to the agreement appellee introduced other witnesses in an endeavor to establish total and permanent incapacity. The appellant had Dr. Hipps to make the examinations of the appellee at its own expense. It made no request for an instructed verdict or objection to the court's charge and filed no motion for judgment non obstante veredicto based upon the report or agreement, and did not refer to the report or agreement in its motion for a new trial or otherwise call it to the attention of the court, and has raised it for the first time in its brief and under its Assignment of Error

No. 8 of its motion for a new trial, in which it contended that the evidence shows conclusively that the appellee did not suffer total and permanent incapacity.

Corpus Juris, Vol. 60, p. 77, sec. 65, states: "Where parties by stipulation admit without reservation what testimony an absent witness would give, if present, and stipulate that that admission may be used as evidence as if the witness had so testified, the stipulated testimony may be used in the form in which the parties themselves have stated it, although in the form of conclusions. A stipulation of this character does not, however, amount to an admission of the truth of such testimony, and does not prevent a party from proving conflicting statements made by the witness, or that his testimony is untrue, nor does it prevent the court from rendering a decision for one of the parties on the ground that the testimony is untrue. * * * The primary rule in construing these stipulations is that the court must, if possible, ascertain and give effect to the intent of the parties. The stipulation must be given a fair and reasonable construction, and should be construed broadly in the interest of justice." Such a stipulation must be construed as a whole and the intent of the parties determined from the entire agreement "in the light of the surrounding circumstances, including the state of the pleadings, the allegations therein, and the attitude of the parties in respect of the issues." C.J., Vol. 60, pp. 77, 78, sec. 67. See: Tex.Jur., Vol. 39, pp. 294, 515; 50 Amer.Jur. 609, sec. 8.

The issue of total and permanent incapacity was a controverted one both prior to and after the agreement was made. In view of the circumstances, we are of the opinion that it was not the intention of the parties to agree that the facts set out in the report were true, but such intention was that they only reflected the opinion of the doctor. The statement of facts consists of 190 pages and it would not be practical to set out or quote all of the evidence both pro and con relating to the issue of total and permanent incapacity alleged to have been sustained by the appellee, but after reading all of the evidence we find that there was some evidence raising the issue.

Appellant's third point of error is as follows: "This case should be reversed because the court's refusal to submit Special Issue No. 7 (lump sum payment) as a separate and independent issue amounted to a charge that if the jury wished to give appellee a lump sum payment, it must first find total and permanent incapacity" Special Issue No. 5 inquired whether the total incapacity of the appellee to work is permanent. Immediately preceding Issue No. 7 the court gave the following instruction: "If you have answered Special Issue No. 5 'yes', then you will answer Special Issue No. 7; otherwise, you need not answer Special Issue No. 7." Appellant contends that said issue should have been submitted independently of any other issue and the action of the court in submitting it conditionally as he did resulted in informing the jury the effect of their answers and caused the jury to find that the appellee suffered total incapacity when they would not have so found if the instruction had not been given.

Appellee's counsel says that the appellant's assignment of error in its motion for a new trial is too general to raise the question here and now presented by appellant. Referring to appellant's amended motion for a new trial, Assignment of Error No. 6 reads: "The court erred in overruling defendant's objection No. 1 to the charge of the court which reads as follows: 'Defendant objects to Special Issue No. 7 for the reason that same should be an issue independent of all other issues and the jury should not be restricted to making its finding with respect to any other issue. And for the further reason that said issue is improperly placed in said charge and is out of the due order of submission of issues and should be placed at the end of the charge.' Said Special Issue No. 7 being on the question of whether plaintiff should receive a lump sum settlement and said issue being preceded by the instruction to the effect that the lump sum should be disregarded unless by its verdict the jury had found total permanent incapacity."

Appellee's contention that appellant's objections to said issue and the assignment in its motion for a new trial are too general must be sustained. The appellant did not

properly raise the question in the trial court. It objected to the conditional submission of the issue but assigned no reason why the issue should not be preceded by the instruction given by the court. But if the point now complained of had been properly raised, it has been held not to be error by the following cases: Traders & General Ins. Co. v. Babb, Tex.Civ.App., 83 S.W.2d 778; Traders & General Ins. Co. v. Offield, Tex.Civ.App., 105 S.W.2d 359; Zurich General Accident & Liability Ins. Co. Ltd. v. Moss, Tex.Civ.App., 118 S.W.2d 410; Federal Underwriters Exchange v. Harwell, Tex.Civ.App., 157 S.W.2d 460.

Finding no reversible error, the judgment of the trial court is affirmed.