UNITED STATES FIRE INSURANCE COMPANY et al., Petitioners,

v.

William E. CARTER, Respondent.

No. B–2851.

Supreme Court of Texas.

Oct. 6, 1971.

Rehearing Denied Nov. 17, 1971.

Johnson & Guthrie, Robert Lee Guthrie, Dallas, for petitioners.

William F. Billings, Dallas, for respondent.

PER CURIAM.

The opinion of the court of civil appeals in this case contains the following language: "Since appellee obviously proceeded on the theory that the stipulation of total value of the loss was effective, we think that in the interest of justice the entire judgment should be reversed and remanded for another trial." United States Fire Insurance Company v. Carter, 468 S. W.2d 151, at 155 (Tex.Civ.App.—Dallas 1971).

An appellate court may only reverse for error committed on trial. It may not reverse "in the interest of justice." Having reversed because of error committed on trial, a court of civil appeals or the Supreme Court may, because the case has not been fully developed, or in the interest of justice, or for like reason, remand for a new trial rather than render the judgment which should have been rendered by the court below. *See* Rules 434 and 505, Texas Rules of Civil Procedure. These rules do not authorize an appellate court to reverse "in the interest of justice."

In this case the record reflects that error was committed on trial which requires a reversal of the trial court's judgment. Therefore, the judgment of the court of civil appeals reversing the judgment of the trial court was proper. Under Rule 434, its judgment remanding the cause rather than rendering judgment for the appellant was authorized. Accordingly, both applications for writ of error are refused, no reversible error.