**Sondra JACKSON et al., Appellants,**

v.

**Robert Joseph LEWIS, Appellee.**

**No. 8755.**

Court of Civil Appeals of Texas, Amarillo.

July 11, 1977.

---

Crenshaw, Dupree & Milam, J. Orville Smith and Cecil C. Kuhne, Lubbock, for appellants.

H. Deloyd Bailey, Wichita Falls, for appellee.

ELLIS, Chief Justice.

Sondra Jackson, individually and as next friend of Julie Jackson, a minor, and for and in behalf of the Estate of Robert La-Var Jackson, brought suit against Robert J. Lewis for damages resulting from the wrongful death of her husband, Robert La-Var Jackson, who was killed in a head-on automobile collision. Lewis counterclaimed for damages to compensate him for personal injuries and property loss he sustained as a result of such collision.

The case was tried before a jury. In response to questions or issues submitted

the jury found no damages for either party. Upon Lewis' motion, the trial court disregarded the jury's finding of no damages for Lewis' medical and hospital expenses and entered judgment in his favor for certain medical and hospital expenses.

Jackson's appeal challenges the trial court's construction of the parties' stipulation as to evidence regarding Lewis' medical and hospital expenses, as well as the validity of the judgment against the estate of a deceased person. We have concluded that the stipulation did not establish the amount of damages as a matter of law and that the judgment entered should be reversed and rendered in accordance with the jury's verdict.

The collision occurred on May 14, 1974. This suit was instituted in September, 1974 and proceeded to trial in March, 1976. The facts of this unfortunate occurrence will not be detailed further than to note that one driver (Jackson) was killed and the other (Lewis) was seriously and permanently injured. The jury found that Lewis had not been guilty of the acts of negligence alleged. Jackson, however, was found to have been negligent in two respects—both of which proximately caused the collision. The jury apportioned negligence 80% to Jackson and 20% to Lewis.

Four damage issues (or questions) were submitted to the jury. Questions 4 and 5 inquired as to the amount of damages for the deceased driver's wife, Sondra Jackson, and their minor child, respectively. Question 6 inquired as to Lewis' damages by reason of his injuries (including physical pain and mental anguish and lost earnings and earning capacity). Question 7 inquired as to the reasonable expenses for necessary medical and hospital care received by Lewis for treatment of his injuries resulting from the collision. The jury answered each of these four damage questions or issues "None." The stipulation pertained only to Question 7 regarding Lewis' medical and hospital expenses.

Despite the jury findings that he had ·suffered no damages, Lewis filed a "Motion for Judgment" asking the court to disregard Question 7 and its answer and alleged that the parties had stipulated and established the amount of his damages for medical and hospital expenses as a matter of law and that there is no evidence to justify the answer of the jury to Question 7. Also, the motion sought rendition of judgment in favor of Lewis notwithstanding the verdict. Lewis' motion for judgment was dated April 14, 1976, and it was indicated thereon that a copy had been mailed to Jackson's lawyer. On April 20, 1976, the trial court rendered judgment for $18,555.79 (80% of Lewis' medical bills) in favor of Lewis. Both the "Motion for Judgment" and the court's judgment were filed on April 26, 1976. Jackson has appealed on two points of error.

In her first point of error, Jackson has argued that the trial court erred in rendering judgment for Lewis because the jury found that Lewis had sustained no damages. It is Jackson's contention that the trial court substituted its own finding for· that of the jury and that this action was erroneous. *Benoit v. Wilson,* 150 Tex. 273, 239 S.W.2d 792 (1951). According to Jackson, the court also erred by disregarding the jury finding and granting judgment non obstante veredicto or notwithstanding a jury finding without a motion and notice as required by Tex.R.Civ.P. 301. *Continental National Bank v. Hall Page Tire Co.,* 318 S.W.2d 127 (Tex.Civ.App.–Fort Worth 1958, no writ). Jackson has argued that Lewis filed neither a motion for judgment non obstante veredicto nor a motion to disregard the jury's finding. Furthermore, Jackson has contended that no notice of the Motion for Judgment was given her before the court entered its judgment on the motion. Lastly, Jackson has urged that even in the event there was no evidence on the issues and once the Court set aside the findings, there was no verdict, and under such circumstances the trial court should have granted a new trial instead of granting judgment for Lewis.

Lewis has agreed "that the law and argument stated by Appellant would be applicable and controlling in the case at bar" if not

for a certain stipulation between the parties which had been entered of record and approved by the court. Thus, the significant inquiry under point 1 focuses upon a determination of the effect to be given the following stipulation:

(Counsel for Lewis): Your Honor, we have agreed that these charges that are not duplicitous—correct me if this is wrong, that they are reasonable, customary usual and necessary charges in the vicinities in which they were rendered. Is that correct?

(Counsel for Jackson): Yes, sir, that is correct. We want this to go to the jury, I doubt if any medical charge these days is reasonable, but we are not going to argue about that. But we would like this all to go to the jury, we just don't raise any objection on that.

(Counsel for Lewis): Okay, Your Honor, in other words, so we wouldn't have to call the doctors to testify.

THE COURT: Let the record so show.

(Counsel for Lewis): We will offer then those bills into evidence.

THE COURT: They will be accepted.

After the above stipulation, Lewis' medical and hospital bills were received into evidence. Lewis would have us construe this stipulation as establishing his damages as a matter of law. Jackson, on the other hand, has argued that the stipulation simply relieved Lewis of the obligation to prove the reasonableness of the medical charges by calling doctors to testify, that it never was intended to take the issue of Lewis' damages away from the jury, and that no judgment can be founded upon it.

■ The law, however, regards a stipulation as a contractual agreement. *United States Fire Insurance Company v. Carter,* 468 S.W.2d 151 (Tex.Civ.App.–Dallas), *writ ref'd n. r. e. per curiam,* 473 S.W.2d 2 (Tex. 1971). It will be given no more force than the parties intended it to have. *Id.* As with any contractual agreement, the intention of the parties should be determined by the language used in their stipulation. *United States Fire Insurance Company v. Carter, supra ; Texas Employers' Ins. Ass'n*

*v. Wright,* 297 S.W. 764 (Tex.Civ.App.– Amarillo 1927), *modified,* 4 S.W.2d 31 (Tex. Com.App.1928, jdgmt. approved). A court will not construe a stipulation to effect admission of something intended to be controverted or to waive a right not plainly agreed to be relinquished. *United States Fire Insurance Company v. Carter, supra.* If the stipulation is ambiguous or contradictory, it may not be given any effect. *Sergeant v. Goldsmith Dry Goods Co.,* 110 Tex. 482, 221 S.W. 259 (1920).

■ Clearly, the stipulation did not fix by agreement the amount of Lewis' damages; instead, it merely established that the medical charges for the services rendered were reasonable and necessary. That the stipulation was not intended to measure Lewis' damages is manifested not only by his lawyer's statement that its purpose was to prevent the calling of doctors as witnesses to the facts of reasonableness and necessity and by the insistence of Jackson's lawyer that the question of damages go to the jury, but by the fact that nowhere is it stipulated that these charges were, as question no. 7 required for a jury finding of medical damages " . . . expenses . . . resulting from the occurrence in question." Moreover, the question of damages was submitted to the jury without any objection by Lewis' attorney, and particularly without the objection that the amount of damages had been legally settled by the stipulation.

■ Thus, the stipulation that the medical charges were reasonable and necessary presented, together with other evidence bearing on the question of damages, a fact issue for determination by the jury. Consequently, the trial court was not authorized to substitute its finding in place of the jury's determination. Point 1 is sustained.

■ Our sustention of this point requires the rendition of judgment on the jury's verdict, unless as directed by Rules 324 and 420, Texas Rules of Civil Procedure, there are cross-points which, if sustained, would vitiate the verdict upon which a take nothing judgment could be entered. However,

Lewis has not brought forward in his brief any cross-points and particularly none questioning the sufficiency of the evidence supporting the jury's findings on the damage issue here in question or that such finding is against the great weight and preponderance of the evidence. Neither party has contended that the evidence was not fully developed. Accordingly, we must reverse the judgment entered by the trial court and render judgment in harmony with the jury's verdict. Rule 324, T.R.C.P.; *Jackson v. Ewton,* 411 S.W.2d 715 (Tex.1967); *Westbrook v. Reed,* 531 S.W.2d 890 (Tex.Civ. App.–Amarillo 1975, writ ref'd n. r. e.); *Robertson v. Alberty,* 499 S.W.2d 361 (Tex. Civ.App.–Amarillo 1973, no writ).

For this reason, we do not reach the second point.

The trial court's judgment is reversed and judgment is here rendered that Lewis take nothing.