**DISCOVERY OPERATING, INC., Relator,**

v.

**The Honorable Pat M. BASKIN, Senior District Judge, 142nd Judicial District Court of Midland County, Texas, Respondent.**

No. 08–93–00070–CV.

Court of Appeals of Texas, El Paso.

June 9, 1993.

James V. Hammett, Jr., Scott, Douglass & Luton, Houston, for relator.

David L. Orr, Johnson & Gibbs, Austin, John A. 'Jad' Davis, Kemp, Smith, Duncan & Hammond, Midland, Jeff Armstrong, Johnson & Gibbs, Austin, for respondent.

Before KOEHLER, BARAJAS and LARSEN, JJ.

## OPINION

KOEHLER, Justice.

This is an original proceeding in mandamus relating to an objection to the assignment of a retired judge under Tex. Gov't.Code Ann. § 74.053 (Vernon Supp. 1993), and his refusal to remove himself from the case. Three questions are involved: First, did the Relator stipulate that it would waive its right to object to the assignment of the regular judge to preside over the trial of the case after the judge retired; second, assuming the Relator did so stipulate, did it effectively waive or lose its right to object when the assignment was actually made several months later; and third, once a timely objection to the assignment was made, was the assigned judge disqualified from taking any further action in the case? The writ of mandamus is conditionally granted.

## FACTUAL BACKGROUND

Discovery Operating, Inc. (Discovery) filed suit in Midland County District Court against Farmland Industries, Inc. (Farmland) and Conoco Inc. On September 4, 1992, the Honorable Pat Baskin, presiding judge of the 142nd District Court, heard pretrial motions. At the conclusion of this hearing, the parties entered into a discussion regarding the trial setting date. Judge Baskin was scheduled to retire on January 1, 1993. Farmland's attorney asked Discovery's attorney if he was willing to let Judge Baskin hear the case after that date. Discovery's attorney replied that they were willing. Immediately following Judge Baskin's retirement, the Presiding Judge of the Seventh Judicial Administrative Region assigned him to hear the case. Discovery timely objected to the assignment and sought a recusal as a matter of right. Farmland moved to strike the objection on the grounds that the parties had stipulated in open court that should Judge Baskin be assigned to hear the case, Discovery would not object. Prior to the judge's ruling, Farmland took the position that Judge Baskin should refer the recusal motion to the presiding judge of the Seventh Judicial Administrative Region for determination. On the other hand, Discovery claimed that the referral was improper because the recusal was mandatory and Judge Baskin need only grant or deny the motion. Following a hearing attended by the parties, Judge Baskin signed an order denying Discovery's motion and granting Farmland's motion on the ground that Discovery had made an enforceable Rule 11 (Tex.R.Civ.P. 11) stipulation. Discovery filed its petition seeking a writ of mandamus to compel Judge Baskin to accept its timely objection and remove himself from the case.

## STANDARD OF REVIEW

Mandamus will issue to correct a clear abuse of discretion committed by the trial court. *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex.1992). A trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Id.* at 839, quoting *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). In order to determine whether the writ should issue, however, the Relator must not have an otherwise adequate remedy by appeal. *Walker v. Packer*, 827 S.W.2d at 842; *Dal–Briar Corp. v. Baskette*, 833 S.W.2d 612 (Tex.App.—El Paso 1992, no writ). Additional expense or delay will not justify intervention by appellate courts through the extraordinary writ of mandamus. Interference is justified only when parties stand to lose their substantial

rights. *Walker v. Packer*, 827 S.W.2d at 842.

## WAS THERE A STIPULATION?

During the September 4 hearing after the subject of an October 12 trial setting came up, the following exchange occurred in open court between Judge Baskin, David Orr, Farmland's counsel and James Hammett and Deborah Taylor, counsel for Discovery, with Jad Davis, counsel for Conoco also present:

THE COURT: Let me ask, it sounds like we are about to have a unanimous view that we should not go to trial on that date. Mr. Orr, you haven't spoken up, but everybody seems to have a great time not going to trial on that date [October 12].

MR. ORR: I would prefer to go that date, your Honor, because of this fact, as this issue came up once before. As we all know, the Court is going to take retirement at the end of the year. The Judge asked us before whether all parties would agree to have this case assigned to you after you retire. Unfortunately, the Plaintiff refused to agree to that.

MS. TAYLOR: I'm sorry, that is not the case.

MR. HAMMETT: Mr. Orr has been misstating us all day, your Honor, and I'm getting tired of it.

THE COURT: In any event, the Court is not offended by that, in any event, so I'm not going to be disturbed about it.

MS. TAYLOR: It didn't happen.

MR. ORR: *Are you prepared to agree that Judge Baskin can try this case after his retirement?*

MR. HAMMETT: I was going to suggest, Mr. Orr, that he put it over until November, November the 2nd, or something, and I will be happy to—

MR. ORR: I have got a trial November the 30th. *Are you willing to let Judge Baskin try this case after the first of the year?*

MR. HAMMETT: *Yes, of course, we are.*

MR. ORR: Then I had misunderstood what you had told me previously.

MR. HAMMETT: I wanted to do it sooner than after the first of the year.

THE COURT: I will see if we can and, frankly, I don't have my calendar before me and I'm not sure what we can do, but for now let's just leave it pending and, if because of a conflict of one or two and we have to pass it again—in other words, if we are not able to agree on a date because of another conflict, that will be sort of on a "so be it" basis.

It is the above emphasized (by the writer) questions by Mr. Orr and the single answer by Mr. Hammett that, it is contended by Farmland, constituted a Rule 11 stipulation that was binding on Discovery after Judge Baskin's retirement and subsequent appointment.

■ Under the Texas Rules of Civil Procedure, the parties to a lawsuit may enter into a binding agreement as to matters touching the lawsuit. TEX.R.CIV.P. 11. To be binding, the agreement must be in writing and signed by the parties, or made in open court and entered of record. *Id.* The purpose of this rule is to prevent agreements themselves from becoming matters of controversy. *London Market Companies v. Schattman*, 811 S.W.2d 550, 552 (Tex.1991); *Kennedy v. Hyde*, 682 S.W.2d 525, 530 (Tex.1984); *Texas Electric Service Co. v. Yater*, 494 S.W.2d 271 (Tex.Civ. App.—El Paso 1973, writ ref'd n.r.e.).

■ A stipulation is generally regarded, and given the same legal effect, as a contract. *Jackson v. Lewis*, 554 S.W.2d 21 (Tex.Civ.App.—Amarillo 1977, no writ). However, a stipulation has recently been defined as "an agreement, admission, or concession made in a judicial proceeding by the parties or their attorneys, respecting some matter incident thereto." *Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania v. Martinez*, 800 S.W.2d 331, 334 (Tex.App.—El Paso 1990, no writ), followed in *Ortega–Carter v. American International Adjustment Co.*, 834 S.W.2d 439, 441–42 (Tex.App.—Dallas 1992, writ denied). The intention of the parties in a trial stipulation must be determined from the

language used "in the light of the surrounding circumstances, including the state of the pleadings, the allegations therein, and the attitude of the parties in respect of the issues." *Mann v. Fender*, 587 S.W.2d 188, 202 (Tex.Civ.App.—Waco 1979, writ ref'd n.r.e.), citing *Texas Indemnity Ins. Co. v. Dunn*, 221 S.W.2d 922, 924 (Tex.Civ. App.—Waco 1949, no writ). If the stipulation is ambiguous and uncertain in its terms, it should be disregarded by the court. *Id.* Finally, for a binding open court stipulation, the parties must dictate into the record all material terms of the agreement and their assent thereto. *Anderegg v. High Standard, Inc.*, 825 F.2d 77, 81 (5th Cir.1987) ("It is clear that the Rule [11] contemplates that something *more* is required for the enforcement of such an agreement than that it be a valid contract." *Id.* at 80–81). Although it would appear from the foregoing that there is a conflict in some of the cases in the definition of a stipulation, it is apparent that a stipulation is sometimes a contractual agreement which must include, express or implied, an offer, acceptance and consideration, and is at other times, a mere concession or admission made by one or both parties to save time and expense, requiring none of the usual contractual elements.

Here, because of our answer to the second question (relating to whether Discovery effectively waived its right to object to the assignment), it is unnecessary for us to decide whether in law Discovery did enter into a stipulation and if so, whether a fact issue was raised as to Discovery's intentions when its counsel answered Farmland's inquiry with the "Yes, of course, we are" statement.

## WAIVER OF RIGHT TO OBJECT

■ Even if we assume that Discovery was stipulating that it was willing for Judge Baskin to preside over the trial after his retirement, two questions are raised: First, was the claimed stipulation specific enough to waive the right granted by statute (Section 74.053) to object to a judicial assignment; and second, can the right to object be waived before that right exists. In answer to the first question, it has been held that the court should not construe a stipulation to waive a right not plainly agreed to be relinquished. *Jackson*, 554 S.W.2d at 24; *United States Fire Insurance Co. v. Carter*, 468 S.W.2d 151, 154 (Tex.Civ.App.—Dallas 1971), *aff'd*, 473 S.W.2d 2 (Tex.1971). Discovery's "Yes, of course, we are" answer to Farmland's hypothetical[1] "Are you willing ..." question does not clearly suggest that Discovery was waiving its statutory right to object to the assignment. Thus, it cannot be said that Discovery was clearly agreeing to relinquish its right to object to the assignment. Moreover, and in answer to the second question, a party cannot waive a right that is no more than a hypothetical possibility. "Waiver" is the voluntary relinquishment of a known right by the party possessing the right. *Ford v. Culbertson*, 158 Tex. 124, 308 S.W.2d 855, 865 (1958); *Alford, Meroney & Co. v. Rowe*, 619 S.W.2d 210, 213–14 (Tex.Civ.App.—Amarillo 1981, writ ref'd n.r.e.); *Landrum v. Devenport*, 616 S.W.2d 359, 362 (Tex.Civ. App.—Texarkana 1981, no writ). It cannot be argued that Discovery possessed the right to object to the assignment before the assignment took place; thus, there could be no waiver of a non-existent right.

## WAS THE JUDGE DISQUALIFIED?

■ The Texas Government Code provides that judges "may be assigned in the manner provided by this chapter to hold court when necessary to dispose of accumulated business in the region." Tex. Gov't.Code Ann. § 74.052 (Vernon 1988). Section 74.053 of that Code allows each party in a civil suit to make one objection to the assigned judge. Tex.Gov't.Code Ann. § 74.053 (Vernon Supp.1993). An objection must be timely which means that it must be filed before the assigned judge conducts the first hearing. *Kellogg v. Martin*, 810 S.W.2d 302, 304 (Tex.App.—Texarkana

---

1. Farmland's question was entirely hypothetical since it was based on the suppositions that Judge Baskin would in fact retire, that he would qualify as a visiting judge, that he would be assigned to preside over the trial of the case and that he would accept the assignment.

1991, orig. proceeding); *Lewis v. Leftwich,* 775 S.W.2d 848 (Tex.App.—Dallas 1989, orig. proceeding). A timely objection automatically disqualifies the judge as a matter of law with the result that any order or judgment entered by him from that point forward is a nullity. *Lone Star Industries, Inc., et al. v. Ater,* 845 S.W.2d 334, 336 (Tex.App.—El Paso 1992, orig. proceeding); *Lewis,* 775 S.W.2d at 851. The hearing of March 30 and the order of March 31, 1993, having taken place after the filing of a timely objection, are therefore nullities. As Judge Baskin himself recognized in a letter dated February 18, 1993 addressed to the parties, it was inappropriate for him to inject himself into the process once Discovery's objection had been filed.

We conclude that Discovery has shown itself entitled to a writ of mandamus. However, we are confident that Judge Baskin will remove himself from the case so that the writ will issue only in the event he fails or refuses to do so.