Opinion issued November 10,
2010

 



In
The

Court of
Appeals

For
The

First District
of Texas

———————————

NO. 01-09-01094-CV

———————————

MORRIS
INDUSTRIES, INc., Appellant

 

V.

 

TRIDENT STEEL
CORPORATION, Appellee



 



 

On Appeal from the 215th District Court

Harris County, Texas



Trial
Court Case No. 2009-57578

 



 

MEMORANDUM
OPINION

 

          In this interlocutory appeal, appellant, Morris
Industries, Inc. (“Morris”), appeals the trial court’s order denying its
special appearance.[1]  Appellee, Trident Steel Corporation (“Trident”)
sued Morris, a New Jersey corporation, alleging claims for breach of contract
and breach of warranty.  Morris filed a
special appearance that the trial court denied. 
Morris contends that the trial court erred, first, by failing to hold a
hearing on its special appearance and, second, by denying its special
appearance.  We conclude that Morris met
its special appearance burden to negate Trident’s jurisdictional
allegations.  We reverse and remand with
instructions to the trial court to consider Trident’s motion for continuance of
the hearing. 

Background

          Morris
is a New Jersey corporation headquartered in New Jersey.  Morris makes and distributes pipes, casings,
and other items used in the oil and gas industry.  In February 2009, Trident—a Missouri
corporation with offices in Houston, Texas—ordered oilfield couplings from
Morris specifying delivery to the Port of Houston.  Morris began delivering couplings to the Port
of Houston.  Trident became dissatisfied Morris’s
couplings, stating that the couplings failed testing performed by Trident and
Trident’s customers.  Accordingly,
Trident began rejecting Morris’s deliveries of the couplings, eventually filing
suit against Morris in Harris County, alleging breach of contract and breach of
warranty.

          Morris
specially appeared, asserting that it is not subject to personal jurisdiction
in Texas.  In support, Morris filed the
affidavit of its vice-president, Michael Stern. 
Trident did not file any affidavits controverting the facts asserted in Stern’s
affidavit.  Before the special appearance
hearing, Trident filed moved for a continuance, seeking more time to conduct
discovery on the jurisdictional issue.  The
trial court, without expressly ruling on Trident’s motion for continuance,
denied Morris’s special appearance.

Personal
Jurisdiction

          In its second issue, Morris contends that the trial court
erred in denying its special appearance because it is not subject to either
specific or general jurisdiction in Texas.

          A.      Standard of Review

          A legal conclusion concerning the
existence of personal jurisdiction is a question of law subject to de novo review, but that
conclusion must sometimes be preceded by the resolution of underlying factual
disputes.  Am. Type Culture Collection
Inc. v. Coleman, 83 S.W.3d 801, 805–06 (Tex. 2002); BMC Software Belg.,
N.V. v. Marchand, 83 S.W.3d 789, 794 (Tex. 2002).  “When . . . the trial court does
not issue fact findings, we presume that the trial court resolved all factual
disputes in favor of its ruling.”  Glattly
v. CMS Viron Corp., 177 S.W.3d 438, 445 (Tex. App.—Houston [1st
Dist.] 2005, no pet.) (citing Am. Type Culture Collection, 83 S.W.3d at
805–06).  However, “we review de novo if
the underlying facts are undisputed or otherwise established.”  Preussag Aktiengesellschaft v. Coleman,
16 S.W.3d 110, 113 (Tex. App.—Houston [1st Dist.] 2000, pet. dism’d
w.o.j.).  

          A plaintiff bears the initial burden to
plead allegations sufficient to bring a non-resident defendant within the terms
of the Texas long-arm statute.  Kelly
v. Gen. Interior Constr., Inc., 301 S.W.3d 653, 658 (Tex. 2010); Am. Type Culture Collection,
83 S.W.3d at 807.  To establish jurisdiction over a nonresident
defendant, the plaintiff must plead a “connection between the defendant[’s]
alleged wrongdoing and the forum state.” 
Kelly, 301 S.W.3d at 655.  If the plaintiff pleads sufficient
jurisdictional allegations, the burden shifts to the nonresident
defendant to negate all bases of jurisdiction alleged.  Id. at 658; Moki Mac River Expeditions v. Drugg, 221 S.W.3d
569, 574 (Tex. 2007).  If the plaintiff
does not plead sufficient jurisdictional facts, the defendant meets its burden
to negate jurisdiction by proving it is not a Texas resident.  Kelly,
301 S.W.3d at 658–59.  To prevail on a special appearance, a
defendant may present evidence that it has no contacts with Texas, effectively
disproving the plaintiff’s allegations; if the plaintiff does not present the
trial court with evidence establishing personal jurisdiction, it risks dismissal
of its lawsuit.  Id. at 659.   




 

          B.      Analysis

          A court may assert personal jurisdiction over a
non-resident defendant if the requirements of the Due Process Clause of the
United States Constitution[2]
and the Texas long-arm statute[3]
are both satisfied.  Helicopteros
Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414, 104 S. Ct. 1868,
1872 (1984); CSR, Ltd. v. Link, 925 S.W.2d 591, 594 (Tex. 1996).  “Because the Texas long-arm statute reaches
‘as far as the federal constitutional requirements of due process will allow,’
the statute is satisfied if the exercise of personal jurisdiction comports with
federal due process.”  Preussag
Aktiengesellschaft, 16 S.W.3d at 113 (quoting CSR, Ltd., 925 S.W.2d
at 594).  We thus examine whether a
Texas court’s exercise of jurisdiction over Morris would comport with the
requirements of federal due process.  See
id.

          To comply with federal due process
rewuirements, “the nonresident defendant must have purposefully established
such minimum contacts with the forum state that it could reasonably anticipate
being sued there.”  Id. (citing Burger
King Corp. v. Rudzewicz, 471 U.S. 462, 475, 105 S. Ct. 2174, 2183
(1985)).  “If the nonresident defendant
has purposefully availed itself of the privileges and benefits of conducting
business in a state, it has sufficient contacts to confer personal
jurisdiction.”  Id. (citing Burger
King, 471 U.S. at 475, 105 S. Ct. at 2183). 
“Random, fortuitous, or attenuated contacts do not suffice.”  Id. (citing Burger King, 471
U.S. at 475, 105 S. Ct. at 2183). 

          To assess whether a non-resident
defendant has purposefully availed himself of the privileges and benefits of
conducting business in Texas, we apply three principles.  See Michiana Easy Livin’ Country, Inc. v.
Holten, 168 S.W.3d 777, 785 (Tex. 2005). 
First, only the defendant’s own actions may constitute purposeful
availment; a defendant may not be haled into a jurisdiction based on the
unilateral activities of a third party.  Id.
(citing Burger King, 471 U.S. at 475, 105 S. Ct. at 2183).  Second, the defendant’s acts must be
purposeful, and a showing of random, isolated, or fortuitous contacts is
insufficient.  Id. (citing Burger
King, 471 U.S. at 475, 105 S. Ct. at 2183 and Keeton v. Hustler
Magazine, Inc., 465 U.S. 770, 774, 104 S. Ct. 1473, 1478 (1984)).  Third, a defendant must seek some benefit,
advantage, or profit through his purposeful availment, because jurisdiction is
based on notions of implied consent; that is, by seeking the benefits and
protections of a forum’s laws, a non-resident consents to suit there.  Id. (citing World-Wide Volkswagen
Corp. v. Woodson, 444 U.S. 286, 297, 100 S. Ct. 559, 567 (1980)).  The purposeful availment test should focus on
“the defendant’s efforts to avail itself of the forum” and not “the form of the
action chosen by the plaintiff.”  Moki
Mac, 221 S.W.3d at 576.  Due process
also requires that the exercise of
personal jurisdiction over a nonresident defendant “comport with fair play and
substantial justice.”  Preussag Aktiengesellschaft, 16 S.W.3d at
113.  

          Minimum-contacts analysis is further
divided into general jurisdiction and specific jurisdiction.  Preussag Aktiengesellschaft, 16 S.W.3d
at 114.  

                   1.       General Jurisdiction

          General jurisdiction does not require
that the cause of action relate directly to the defendant’s contacts with the
forum.  Preussag Aktiengesellschaft,
16 S.W.3d at 114 (citing CSR, Ltd., 925 S.W.2d at 595).  To negate general jurisdiction, a defendant
must show that its contacts in Texas were not “continuous and systematic.”  Id. 
To support general jurisdiction, the defendant’s forum activities must
have been “substantial,” which requires stronger evidence of contacts than for
specific jurisdiction.  Id.  The Texas Supreme Court has described it as a
“more demanding minimum contacts analysis.” 
PHC-Minden, L.P. v. Kimberly-Clark
Corp., 235 S.W.3d 163, 168 (Tex. 2007) (quoting CSR, Ltd. v. Link, 925 S.W.2d at 595).  “Usually, ‘the defendant must be engaged in
longstanding business in the forum state, such as marketing or shipping
products, or performing services or maintaining one or more offices there;
activities that are less extensive than that will not qualify for general in
personam jurisdiction.’”  Id. (quoting 4 Charles Alan Wright & Arthur R. Miller, Federal Practice &
Procedure § 1067.5 (3d ed. 2010)).

                   2.       Specific
Jurisdiction

          A court may exercise specific personal
jurisdiction over a non-resident defendant if (1) the non-resident purposely directed
its activities toward the forum state or purposely availed itself of the
privileges of conducting activities there, and (2) the controversy arises out
of or is related to the non-resident’s contacts with the forum state.  Freudensprung v. Offshore Tech. Servs.,
Inc., 379 F.3d 327, 343 (5th Cir. 2004).  
The non-resident defendant’s purposeful conduct, not the unilateral acts
of the plaintiff, must have caused the contact. 
See Helicopteros Nacionales de Colombia, S.A., 466 U.S. at 414,
104 S. Ct. at 1872.  Foreseeability of an
injury in Texas is not solely determinative, Michiana Easy Livin’ Country, 168 S.W.3d at 789, but foreseeability
of causing injury is “an important consideration” in deciding whether a
nonresident defendant has purposefully established minimum contacts.  BMC
Software, 83 S.W.3d at 795.  

          Even if a non-resident has
purposefully availed himself of the benefits of conducting business in Texas, Texas
courts do not have specific jurisdiction over the non-resident unless the cause
of action “arises from or is related to an activity conducted within the
forum.”  Id. at 796.  We focus our analysis on the relationship
among the non-resident, the forum, and the litigation to determine if the
alleged liability arises from or is related to an activity conducted in
Texas.  Counter Intelligence, Inc. v.
Calypso Waterjet Sys., Inc., 216 S.W.3d 512, 517 (Tex. App.—Dallas 2007, no
pet. h.).  That is, the non-resident’s
conduct must have been purposely directed towards or have occurred in the forum
and must have a “substantial connection” with the litigation’s operative facts.  Moki Mac, 221 S.W.3d at 584–85;
Glattly, 177 S.W.3d at 447.

                    3.       Application
to Relevant Facts

          Here,
Trident’s petition contains no allegation that Morris had continuous or
systematic contacts with Texas.  Nor does
Trident’s petition contain allegations that Morris had any longstanding or
substantial business activities in Texas, such as marketing or maintaining an
office here.  See PHC-Minden, 235 S.W.3d at 168.  
In his affidavit, Stern, Morris’s vice-president, stated that Morris is
a New Jersey corporation with its office in New Jersey and that Morris “does
not have an office in Texas, does not advertise or solicit business in Texas,
[and] does not have any employees in Texas.” 
We conclude that this sworn statement is sufficient to negate general
jurisdiction as a basis for the trial court’s exercise of personal
jurisdiction.  See Kelly, 301 S.W.3d at 659; see also PHC-Minden, 235 S.W.3d at 168
(requiring for general jurisdiction that defendant have “substantial” forum
activities such as “longstanding business in the forum state”).

          In
its petition, Trident alleges that the court may exercise specific jurisdiction
over Morris because the parties’ contract required performance in Harris
County, Texas.  Specifically, Trident alleges
that it ordered the oilfield couplings from Morris for delivery at the Port of
Houston.  In Stern’s affidavit, Morris
responded to these jurisdictional allegations by stating that Morris, at its
office in New Jersey, received purchase orders from Trident’s office in St.
Louis, Missouri.  Morris also stated that
the couplings were sent to the Port of Houston “[a]t the request of Trident.”  Because Trident’s actions cannot be considered purposeful availment
by Morris, Morris sufficiently negated this basis for jurisdiction.  See
Michiana Easy Livin’ Country, 168 S.W.3d at 785 (holding non-resident
defendant that was contacted by Texas resident and asked to deliver
recreational vehicle to Texas did not purposefully avail itself of Texas law;
unilateral act of Texas resident insufficient to support jurisdiction).  Trident offered no countervailing
evidence.  We therefore conclude that
Morris negated trident’s assertion that the trial court had personal
jurisdiction over it.   

                   4.       Disposition

          In
its prayer, Morris requests that this Court render an order of dismissal
because it is not subject to personal jurisdiction.  In response, Trident asks that we remand for
further proceedings to allow the trial court to consider Trident’s request for
a continuance.            Ordinarily, when an appellate court determines that the
trial court erroneously denied a nonresident’s special appearance, the court renders
judgment dismissing the claims against the nonresident defendant for want of
jurisdiction.  See, e.g., BMC Software,
83 S.W.3d at 801 (holding no evidence supported trial court’s determination
that nonresident defendant subject to personal jurisdiction and rendering
judgment of dismissal); Johnson v.
Kindred, 285 S.W.3d 895, 904 (Tex. App.—Dallas 2009, no pet.) (stating
proper disposition when nonresident defendant negated alleged minimum contacts
is rendering judgment of dismissal).  

          Here,
because the trial court denied the Morris’s special appearance, it did not need
to consider Trident’s request for additional time to conduct jurisdictional
discovery.  However, because we conclude
that Stern’s affidavit negated Trident’s jurisdictional allegations, the burden
shifts to Trident to bring forth evidence establishing personal jurisdiction
over Morris.  See Kelly, 301 S.W.3d at 659 (once defendant negates jurisdictional allegations,
plaintiff risks dismissal if it fails to establish jurisdiction over
defendant).  “Jurisdictional
discovery ‘can be a vital part of resolving a special appearance.’”  Lamar
v. Poncon, 305 S.W.3d 130, 139 (Tex. App.—Houston [1 Dist.] 2009, pet.
denied) (quoting Exito Elecs. Co. v. Trejo, 142 S.W.3d 302, 307 (Tex. 2004)).  Additionally, a trial court faced with a
request for a continuance to allow additional time for jurisdictional discovery
has discretion whether to continue the special appearance hearing.  Id.
(citing Barron v. Vanier,
190 S.W.3d 841, 847 (Tex. App.—Fort Worth 2006, no pet.); see also BMC Software, 83 S.W.3d at 800.  We conclude that, in this case, it
is appropriate to remand the case for the trial court to consider Trident’s
request for additional time to conduct jurisdictional discovery.  See Lamar, 305 S.W.3d at 139 (affirming
trial court’s determination that no specific jurisdiction existed but remanding
for further discovery concerning general jurisdiction); see also Leland v. Brandal, 257 S.W.3d 204, 208 (Tex. 2008)
(holding, in healthcare liability claim, that where trial court erroneously
determined expert report was adequate, court of appeals has discretion to
remand case to trial court to consider granting 30-day extension for plaintiff
to cure deficiencies); Scott Bader, Inc.
v. Sandstone Prods., Inc., 248 S.W.3d 802, 822 (Tex. App.—Houston [1st
Dist.] 2008, no pet.) (“Remand is also appropriate when a case, for any reason,
has not been fully developed.”) (citing United
States Fire Ins. Co. v. Carter, 473 S.W.2d 2, 3 (Tex. 1971)).  Importantly, we note that Morris complains
that the trial court failed to hold an evidentiary hearing.  Thus, both parties contend that should they
lose the legal ruling, there is more work to be done in the trial court.    




 

Conclusion

          We
reverse the trial court’s order denying Morris’s special appearance and remand
the case to allow the trial court to consider Trident’s motion for continuance
requesting jurisdictional discovery.

 

  

                                                                   Jane
Bland

                                                                   Justice


 

Panel consists of Chief
Justice Radack and Justices Bland and Massengale.











[1]           See
Tex.
Civ. Prac. & Rem. Code Ann.
§ 51.014(a)(7) (Vernon 2008) (authorizing interlocutory appeal of order denying
special appearance).





[2]
       U.S. Const.
amend. XIV, § 1.





[3]           See Tex. Civ. Prac. & Rem. Code Ann. §
17.042 (Vernon 2008).