

## NUMBER 13-18-00433-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

HERMAN D. GREER,                                                                 Appellant,

v.

C.O. ROBERT REAUX, ET AL.,                                                Appellees.

### On appeal from the 36th District Court
### of Bee County, Texas.

## MEMORANDUM OPINION

### Before Justices Benavides, Hinojosa, and Tijerina
### Memorandum Opinion by Justice Tijerina

This is an inmate litigation case brought under Chapter 14 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001–.014. By four issues, which we have renumbered, appellant Herman Greer complains that the trial court abused its discretion by: (1) allowing an associate judge to preside when Greer objected to the assignment; (2-3) dismissing his lawsuit against appellees Corey Furr,

Veronica Inmon, P. Chapa, and Donna Bryant, all employees of the Texas Department of Criminal Justice (TDCJ), as frivolous; and (4-5) failing to issue findings of fact and conclusions of law and failing to rule on his motion to reinstate. We affirm.

## I.    BACKGROUND

Greer is an inmate at the TDCJ McConnell Unit in Beeville, Texas. In his original petition, Greer alleges that Reaux, a correctional officer, allegedly assaulted him and then later issued a false disciplinary report against him when Greer reported the assault. Greer asserted that Reaux's fellow employees—Furr, Inmon, Chapa, and Bryant—supported Reaux in his "falsified report" by "covering up" the fact that Reaux "refused to even report a use of force incident with [Greer]." He further alleged that appellees "assisted and also encouraged Reaux for his assault and retaliation on [Greer]" and "refused to interview witnesses."

According to Greer, his disciplinary case was reversed and overturned on April 26, 2017. On December 6, 2017, Greer sued appellees for infliction of bodily injury, retaliation, arbitrary and capricious enforcement of TDCJ disciplinary rules, violation of the equal protection clause, and assisting and encouraging. He cited the grievance decision as proof of his claim. In his original petition, he "object[ed] to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial." He sought exemplary damages, declaratory relief, and injunctive relief.

On December 21, 2017, Judge David Peeples, Presiding Judge of the Fourth Administrative Judicial Region of Texas, assigned Senior Judge Joel B. Johnson to preside over this case. Greer then filed "Plaintiff's Objection to Actions By Trial Court and Objections & Response to Attorney General Office's Amicus Curiae Advisory." In his

objections, he "reiterate[d] [his] formal objection to an associate judge." It was dated March 25, 2018 and postmarked April 02, 2018. The trial court dismissed the case as frivolous on June 6, 2018 as to Furr, Inmon, Chapa, and Bryant. We note that Reaux was not served, and the Office of the Attorney General (OAG) filed an affidavit stating they were unable to locate Reaux on April 27, 2018. Greer appealed.

## II.    JURISDICTION

"Although not raised by any party, we have an obligation to ensure that we have jurisdiction before proceeding to the merits of the appeal." *Castillo v. Aguilar*, 366 S.W.3d 251, 253 (Tex. App.—El Paso 2012, no pet.). Only a final judgment is appealable as interlocutory appeals are authorized by statute. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment disposing of all pending parties and claims is final. *Id*. Therefore, an order that dismisses some, but not all, defendants under Chapter 14 of the Civil Practice and Remedies Code is interlocutory and cannot be appealed until a final judgment is entered. *Id*.

We determine whether a judgment is final from its language and the record in the case. *Id.* "[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Id*. at 205. Even if the record does not provide an adequate basis for rendition of a final judgment, the language of an order makes it final if the intent to make a final disposition is unequivocally expressed in the words of the order. *Id*. at 200.

"[A] judgment may be final, even though it does not dispose of all parties named in the petition, if the remaining party was never served with citation and did not file an

3

answer, and nothing in the record indicates that the plaintiff ever expected to obtain service upon the remaining party." *Garcia v. State Farm Lloyds*, 287 S.W.3d 809, 812 (Tex. App.—Corpus Christi–Edinburg 2009, pet. denied). A defendant remains a party to a case for purposes of determining the finality of an order unless the record suggests that the plaintiff has no intention of pursuing the claims against the unserved defendant. *See Castillo*, 366 S.W.3d at 254; *Vacca v. Glass*, 148 S.W.3d 207, 208 (Tex. App.— Texarkana 2004, pet. denied).

In this case, Greer sued five defendants. Although there are five defendants, only four moved for dismissal—Reaux did not move to dismiss. The trial court granted the motion to dismiss, but it only disposed of the claims against the four moving defendants: "It is hereby ordered that Plaintiff's suit is DISMISSED AS FRIVOLOUS and for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code as to Warden Corey Furr, Veronica Inmon, P. Chapa, and Donna Bryant." This language does not unequivocally indicate an intent to dispose of Greer's claims against Reaux. *See Castillo*, 366 S.W.3d 251; *see also Fuller v. Moya*, No. 10–09–00294–CV, 2009 WL 4852425, at *1 (Tex. App.—Waco Dec. 16, 2009, no pet.) (mem. op.). The record does not establish that Reaux was served with process. However, because the OAG filed an affidavit of its inability to locate Reaux on April 27, 2018, and Greer has done nothing to locate and or serve Reaux, we find that Greer has no intention of pursuing his claim against Reaux. Therefore, we conclude the trial court's judgment is final. *See Garcia*, 287 S.W.3d at 812.

### III.    OBJECTION TO ASSOCIATE JUDGE

By his first issue, Greer asserts the trial court abused its discretion when it allowed an associate judge to rule on the final judgment when he had objected to the judge prior

4

to any hearing.

## A.  Standard of Review and Applicable Law

Whether a trial court has jurisdiction is a question of law that we review de novo. *Harris County v. Annab*, 547 S.W.3d 609, 612 (Tex. 2018). Assigned judges are active, retired or senior judges. *See* TEX. GOV'T CODE ANN. § 74.054. An assigned judge may not hear a case if a party submits a timely objection no later than seven days after the party receives actual notice of the assignment or before the first hearing of the trial, whichever is sooner. *See id*. § 74.053. A timely objection to a judge "assigned" under Chapter 74 of the Texas Government Code is automatically effective and any subsequent order rendered by the assigned judge is void. *In re Canales*, 52 S.W.3d 698, 701 (Tex. 2001) (orig. proceeding).

## B.  Analysis

Greer claims that he preemptively objected to the judge in his original petition. Specifically, his initial filing "object[ed] to the referral of this case to an associate judge for hearing a trial on the merits or presiding at a jury trial." However, Greer's objection was premature. Greer filed his original petition and objection on December 6, 2017, but the Presiding Judge of the Fourth Administrative Judicial Region did not appoint Judge Johnson until December 21, 2017. *See Discovery Operating, Inc. v. Baskin*, 855 S.W.2d 884, 887 (Tex. App.—El Paso 1993, no writ); *see also In re Carnera*, No. 05-16-00055-CV, 2016 WL 323654, at *2 (Tex. App.—Dallas Jan. 27, 2016, no pet.) (mem. op.). "A party does not possess the right to object to the assignment of a visiting judge before the assignment takes place." *Discovery Operating, Inc.*, 855 S.W.2d at 887. "Section 74.053 clearly contemplates that assigned judge objections will be filed after the assignment of

5

a judge to whom a party objects, not that parties can file pro forma blanket objections to assigned judges at the time they file their initial pleadings." *In re Carnera*, 2016 WL 323654, at *2; TEX. GOV'T CODE ANN. § 74.054. Accordingly, the objection in Greer's original petition did not preserve this issue.

Greer later objected to the assignment on March 25, 2018. However, because the deadline for filing an objection to an assigned judge is seven days after the notice of appointment or the case's first hearing, whichever is sooner, Greer missed the deadline. *See* TEX. GOV'T CODE ANN. § 74.053. To be timely, Greer must have filed his objection by December 28, 2017—seven days after the appointment of Judge Johnson. We overrule Greer's first issue.

## IV.  DISMISSAL OF CHAPTER 14 LITIGATION

By his second and third issues, Greer complains that the trial court erred when it dismissed his lawsuit against appellees "for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code."

### A.  Standard of Review & Applicable Law

We review a trial court's dismissal of a claim pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code under an abuse of discretion standard. *Wanzer v. Garcia*, 299 S.W.3d 821, 827 (Tex. App.—San Antonio 2009, pet. denied); *see also McCann v. De Hoyos*, No. 13-18-00528-CV, 2019 WL 3820427, at *1–2 (Tex. App.—Corpus Christi–Edinburg Aug. 15, 2019, no pet.) (mem. op.). The trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.3d 238, 241–42 (Tex. 1985). "The mere fact that a trial judge may decide a matter within his discretionary authority in

6

a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred." *Id*. at 242.

Trial courts have broad discretion in dismissing a case under Chapter 14 because: "(1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an *in forma pauperis* suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues to the benefit of state officials, courts, and meritorious claimants." *Retzlaff v. Tex. Dep't of Crim. Justice*, 94 S.W.3d 650, 653 (Tex. App.—Houston [14th Dist.] 2002, no pet.); *see* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.003–.006; *Gross v. Carroll*, 339 S.W.3d 718, 723 (Tex. App.—Houston [1st Dist.] 2011, no pet.). A trial court may dismiss an inmate's claim as frivolous or malicious under Chapter 14 based on the following factors: the claim's ultimate chance of success; whether the claim has an arguable basis in law or fact; whether it is clear that the party cannot prove facts in support of the claim; or whether the claim is substantially similar to a previous claim filed by the petitioner because it arises from the same operative facts. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2), (b)(2). "A claim has no arguable basis in law if it relies upon an indisputably meritless legal theory*." Fernandez v. Tex. Dep't of Crim. Justice*, 341 S.W.3d 6, 13 (Tex. App.—Waco 2010, no pet.).

**B.    Analysis**

In his petition, Greer asserts a retaliation claim. To prevail on a retaliation claim, Greer must establish: (1) a specific constitutional right; (2) the defendant's intent to retaliate against him for exercising that right; (3) a retaliatory adverse act; and (4) causation, a showing that "but for the retaliatory motive, the complained of incident would not have occurred." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir.1998). A retaliation

claimant must be able to show more than a personal belief that he is the victim of retaliation. *Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir.1997). Greer's petition fails to allege facts or a chronology of events showing that the defendants acted in retaliation against him for exercising a specific constitutional right. Therefore, Greer failed to adequately state a retaliation claim.

Next, we note that there is no civil cause of action for Greer's "assisting and encouraging" or "arbitrary and capricious" claims. Accordingly, the trial court did not abuse its discretion for dismissing these causes because they have no arguable basis in law. *See Fernandez*, 341 S.W.3d at 13*; see also* TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(3) (providing that trial courts can dismiss cases when "it is clear that the party cannot prove facts in support of the claim").

By one sentence, Greer complains that he was denied equal protection "from inmates similarly situated in a disciplinary hearing." To assert an equal protection claim, Greer must establish two elements: (1) that he was treated differently than other similarly situated parties, and (2) that he was treated differently without a reasonable basis. *Sanders v. Palunsky*, 36 S.W.3d 222, 225 (Tex. App.—Houston [14th Dist.] 2001, no pet.). Greer has met neither element of an equal protection challenge; therefore, his claim is without merit.

Greer also asserts defendants failed to intervene or prevent the misuse of force and failed to take disciplinary action to curb physical abuse of inmates in violation of the Eighth Amendment because it was cruel and unusual punishment. In cases involving a failure to prevent harm, an inmate must demonstrate an incarceration under conditions posing a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 834

8

(1994). An Eighth Amendment violation occurs when the deprivation alleged is objectively serious and the prison official acted with deliberate indifference to the inmate's health and safety. *Id*. This requires "more than ordinary lack of due care for the prisoner's interests or safety." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). Moreover, the prison official must "know of and disregard an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 838. This means the official must be aware of facts from which it could be inferred that a substantial risk of serious harm exists and must draw that inference. *Id*. Thus, proof of deliberate indifference requires a showing of subjective recklessness. *Id*. at 839 (defining "reckless" as "consciously disregard[ing] a substantial risk of serious harm."). Appellees' alleged conduct does not rise to the level of subjective recklessness. Assuming Greer's allegations are true, they do not support a conclusion that defendants were aware of, or should have been aware of, the substantial risk of harm to Greer and consciously disregarded that risk. *See id*. We conclude Greer's allegations do not show an Eighth Amendment violation.

According to Greer, defendants refused to talk to witnesses, refused to investigate, refused to review all camera footage, and refused to prepare him for his hearing. "[A prisoner] does not have a federally protected liberty interest in having these grievances resolved to his satisfaction. As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005); s*ee also McBride v. Tex. Dep't of Crim. Justice–Inst. Div*., No. 13–12–00003–CV, 2012 WL 3133814, *2 (Tex. App.—Corpus Christi–Edinburg 2012, pet. denied) (mem. op., not designated for publication). Moreover, Greer was given notice of a disciplinary hearing,

9

attended the hearing, and was allowed to make a statement. Thus, Greer was afforded due process. *See Wolff v. McDonnell*, 418 U.S. 539, 563–67 (1974); *Thomas v. Crow,* 862 S.W.2d 719, 721 (Tex. App.—Tyler 1993, no writ). Accordingly, Greer's challenges to the disciplinary proceedings fail, and we overrule his second and third issues.

## V.   FINDINGS OF FACT AND CONCLUSIONS OF LAW

In his fourth issue, Greer argues that the trial court erred by failing to file findings of facts and conclusions of law and failing to rule on his motion to reinstate. A trial court is required in certain circumstances to file written findings of fact and conclusions of law if there is a request by a party within twenty days after judgment is signed with the clerk of the court. *See* TEX. R. CIV. P. 296. The trial court signed a final judgment on June 6, 2018. Greer requested the issuance of findings of fact and conclusions of law on July 17, 2018. This was outside the twenty-day period required under the Texas Rules of Civil Procedure. We overrule Greer's fourth issue.

Lastly, Greer asserts that the trial court erred when it did not hold a hearing on his motion to reinstate. After the trial court dismissed his suit as frivolous for failure to comply with Chapter 14 of the Texas Civil Practice and Remedies Code, Greer filed a motion to reinstate pursuant to rule 165a, which is titled "Dismissal for Want of Prosecution." Rule 165a gives the trial court power to dismiss for want of prosecution when a party or its counsel fail to appear at a hearing or trial. *Maida v. Fire Ins. Exch*., 990 S.W.2d 836, 840–41 (Tex. App.—Fort Worth 1999, no pet.); *see* TEX. R. CIV. P. 165a(1). Rule 165a(3)'s standard for reinstatement only applies to cases dismissed for failure to appear. *See Maida*, 990 S.W.3d at 840; *Burton v. Hoffman*, 959 S.W.2d 351, 354 (Tex. App.—Austin 1998, no pet.). Here, the trial court dismissed Greer's suit pursuant to chapter 14, not for

10

want of prosecution; therefore, a motion to reinstate under rule 165a is inapplicable to his case, and the trial court did not err when it did not hold a hearing on the motion. *See* TEX. R. CIV. P. 165a; *see also Stone v. Tolerton*, No. 12-08-00127-CV, 2008 WL 5235630, at *3 (Tex. App.—Tyler Dec. 17, 2008, no pet.) (mem. op.) (concluding rule 165a is inapplicable when a case is dismissed pursuant to chapter 14). We overrule his fifth issue.

## VI. CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA,
Justice

Delivered and filed the
27th day of February, 2020.