**Affirmed and Opinion Filed November 1, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

_____

### No. 05-20-00559-CV
_____

## IN THE INTEREST OF P.M.B. AND P.M.B., CHILDREN

**On Appeal from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-51950-2013**

## MEMORANDUM OPINION
Before Justices Myers, Molberg, and Garcia
Opinion by Justice Molberg

Mother appeals the trial court's February 20, 2020 order in this suit to modify the parent-child relationship. We overrule her sole issue and affirm in this memorandum opinion. *See* TEX. R. APP. P. 47.4.

## I. Background

Mother and Father divorced on February 13, 2015. At the time of their divorce, their oldest daughter was eight years old, and their youngest daughter was almost five.[1] The divorce decree is not in the record before us. According to the

_____

[1] Because each child has the initials P.M.B., we refer to the children as the "oldest daughter" or "youngest daughter" when necessary to distinguish between the two. When referring to them together, we refer to them as "the children."

docket sheet in the record, Mother filed a petition to modify the parent-child relationship in 2016, which resulted in an agreed nunc pro tunc order rendered on July 31, 2017, and signed November 17, 2017.[2] That order is also not in the record before us.[3]

Mother filed the instant suit on January 9, 2018. In her petition, Mother stated that she sought to modify the order signed November 17, 2017, and she alleged, in part, that "[t]he circumstances of the children, a conservator, or other party affected by the order to be modified have materially and substantially changed since the date of rendition of the order to be modified." Based on allegations Mother made regarding Father's conduct,[4] she asked that the court appoint her as sole managing conservator or alternatively appoint the parties as joint managing conservators of the children. Mother also asked, in part, that she be appointed as the person with the exclusive right to designate the children's primary residence, to receive and give receipt for periodic payments for their support, and to consent to psychiatric and psychological treatment of the children.

---

[2] Mother states this order "was judicially pronounced and rendered in [c]ourt on July 31, 2017 . . . but [was] signed on November 17, 2017." We do not have a record of the July 31, 2017 proceedings.

[3] While we have no way to verify this from the record, Mother maintains that in the November 17, 2017 order, the trial court ordered that each party has the "independent right, subject to the duty to consult with the other party, including providing information as to the provider's name, address, telephone number, the child's issue, and notice of the first and subsequent appointments immediately when the appointment is made, to consent to psychiatric and psychological treatment of the children."

[4] Mother attached an affidavit to her petition alleging various acts by Father since July 31, 2017, and stating her belief that the children's present environment may endanger their physical health or significantly impair their emotional development. Mother alleged that before the filing of the suit, Father had "engaged in a history or pattern of parental alienation and emotional abuse of [Mother] as well as the children."

Father answered, generally denying Mother's allegations. His answer requested attorneys' fees, expenses, and costs but did not request other relief.

The suit was tried to the bench on June 14, 2019. Four witnesses testified: Mother, Father, a records custodian, and the children's counselor, Jeanie Barnes, M.A., L.P.C. During closing arguments, each counsel argued, in part, that their respective clients should be awarded the exclusive right to consent to psychiatric and psychological treatment of the children.[5] Neither side objected to those arguments or suggested that the court could not decide that issue. The court took the matter under advisement at the end of trial.

Four days after trial, the court issued a memorandum ruling denying Mother's modification request. In that ruling, the court indicated, in part, that Father would have the exclusive right to consent to psychiatric and psychological treatment of the

---

[5] Mother's counsel argued:

> [W]e want to make sure, even if the parties are named joint managing conservators, that [Mother] has the exclusive right to make psychiatric and psychological decisions and counseling decisions after meaningful consultation with [Father] and subject to any other requirements that she may be under by the Court in order to exercise that exclusive right, anything that's necessary to make sure that [Father] has the ability to participate and does.

Father's counsel argued:

> We do not believe that [Mother] should have the exclusive right to make decisions concerning psychiatric or psychological treatment of the children. We would first ask that that exclusive right be given to [Father].

> As an alternative to that, Your Honor, we would request . . . that that right be shared by the parties subject to the terms and conditions that the Court imposes as you see proper to make sure that the children receive the care that they need and yet both parents are still actively participating in those decisions.

children. The memorandum ruling indicated it was not a final judgment and that further action was required regarding a final order.

Approximately three months later, Father moved for leave to file an amended pleading. The motion stated that "leave of court is necessary to allow [Father's] relief requested to conform to the evidence presented at trial." Attached to Father's motion was a counterpetition to modify the parent-child relationship.[6] The court granted Father's motion in an order signed September 18, 2019, but the court later vacated and set aside that order on February 20, 2020—the same day the court signed the final order Mother now appeals. Thus, at the time the final order was signed, the Father's live pleading was his general denial.

In the February 20, 2020 final order, the trial court denied Mother's petition to modify. As to conservatorship, the order appointed Mother and Father as parent joint managing conservators of the children with various rights and duties, including, but not limited to, the right to receive information from any other conservator of the children concerning the children's health, education, and welfare; the right to confer with the other parent to the extent possible before making a decision concerning the children's health, education, and welfare; the right of access to medical, dental, psychological, and educational records of the children; the right to consult with a physician, dentist, or psychologist of the children; and the duty to inform the other

---

[6] Father's counterpetition requested certain relief but did not make any specific requests regarding his or Mother's rights to make psychological, psychiatric, and counseling decisions for the children.

conservator of the children in a timely manner of significant information concerning the children's health, education, and welfare.

Also as to conservatorship, the order also stated that Father shall have the exclusive right to designate the children's primary residence within Collin County, Texas and the exclusive right to consent to psychiatric and psychological treatment of the children. Finally, the order stated that after December 31, 2019, Father may choose to continue the children in treatment with Jeannie Barnes, M.A., L.P.C., a different counselor of his selection, or choose to discontinue the children's counseling if recommended by Jeannie Barnes, M.A., L.P.C. The court's order as to Father's exclusive right to consent to psychiatric and psychological treatment of the children and his right regarding their counseling are the only rights about which Mother complains on appeal.

Mother requested findings of fact and conclusions of law twelve days after the final order was signed. Thirty days after the final order was signed, she filed a motion for new trial and an amended motion for new trial.

The trial court issued its findings of fact and conclusions of law on April 9, 2020, concluding that "[i]t is in the best interest of the children that [Father] have the exclusive right to make the psychological, psychiatric, and counseling decisions for the children."

Once her amended motion for new trial was overruled by operation of law, Mother timely appealed.

## II. Discussion

In her sole issue, Mother argues the trial court abused its discretion by granting Father the exclusive right to consent to psychiatric and psychological treatment of the children and to make counseling decisions for the children because that relief was not requested by Father in his pleadings or tried by consent.

As a general rule, we give wide latitude to a trial court's decision on custody, control, possession, and visitation matters. *In re C.P.J.*, 129 S.W.3d 573, 576 (Tex. App.—Dallas 2003, pet. denied). We will not disturb a trial court's decision on a motion to modify conservatorship unless the complaining party shows a clear abuse of discretion, meaning the trial court acted in an arbitrary and unreasonable manner or without reference to guiding rules or principles. *See In re C.F.M.*, No. 05-17-00141-CV, 2018 WL 2276351, at *3 (Tex. App.—Dallas May 18, 2018, no pet.) (mem. op.).

As relevant here, a trial court may modify a conservatorship order only if the circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed since the order was rendered and the modification would be in the child's best interest. TEX. FAM. CODE § 156.101(a)(1). The party seeking modification bears the burden of establishing a material and substantial change in circumstances. *In re C.H.C.*, 392 S.W.3d 347, 349 (Tex. App.—Dallas 2013, no pet.). Changed circumstances may be established by

–6–

circumstantial evidence, and the law does not prescribe any particular method for showing them. *See In re C.F.M.*, 2018 WL 2276351, at \*2.

As indicated, Mother argues the trial court abused its discretion by granting Father the exclusive right to consent to psychiatric and psychological treatment of the children and to make counseling decisions for the children because that relief was not requested by Father in his pleadings or tried by consent. Citing *Flowers v. Flowers*, 407 S.W.3d 452 (Tex. App.—Houston [14th Dist.] 2013, no pet.), Mother argues that, while a court may liberally construe pleadings to include claims that may reasonably be inferred from the language used, the court may not use a liberal construction as a license to read into a petition a claim that it does not contain.

While we agree that the final order did not technically conform to Father's pleadings, we disagree that the trial court abused its discretion based on the record before us. Previously, we stated:

> We review a trial court's decision on a motion to modify under an abuse-of-discretion standard. *See Seidel v. Seidel*, 10 S.W.3d 365, 368 (Tex. App.—Dallas 1999, no pet.). A trial court abuses its discretion when it acts in an arbitrary or unreasonable manner or when it acts without reference to any guiding principles. *Id.*
>
> Rule of civil procedure 301 requires that a judgment conform to the pleadings. TEX. R. CIV. P. 301. However, "[p]leadings are of little importance in child custody cases and the trial court's efforts to exercise broad, equitable powers in determining what will be best for the future welfare of a child should be unhampered by narrow technical rulings." *Peck v. Peck*, 172 S.W.3d 26, 35 (Tex. App.—Dallas 2005, pet. denied) (quoting *MacCallum v. MacCallum*, 801 S.W.2d 579, 586 (Tex. App.—Corpus Christi–Edinburg 1990, writ denied)). "[A] suit properly invoking the jurisdiction of a court with respect to custody and control of a minor child vests that court with decretal powers in all relevant

–7–

custody, control, possession and visitation matters involving the child. The courts are given wide discretion in such proceedings." *Leithold v. Plass*, 413 S.W.2d 698, 701 (Tex. 1967).

*In re B.M.*, 228 S.W.3d 462, 464–65 (Tex. App.—Dallas 2007, no pet.); *see Ellason v. Ellason*, 162 S.W.3d 883, 887 (Tex. App.—Dallas 2005, no pet.) (similar statements, citing *Leithold*).

Mother does not discuss, analyze, or attempt to distinguish *Leithold* or any of our prior precedent in which we cited it.

While she correctly notes family code section 156.004 states that "[t]he Texas Rules of Civil Procedure applicable to the filing of an original lawsuit apply to a suit for modification under [Texas Family Code Chapter 156]," as we stated in *In re B.M.* and in *Peck*, pleadings are of little importance in child custody cases, and the trial court's efforts to exercise broad, equitable powers in determining what will be best for the future welfare of a child should be unhampered by narrow technical rulings. *See In re B.M.*, 228 S.W.3d at 464–65; *Peck*, 172 S.W.3d at 35.

A narrow technical ruling is what Mother asks us to issue here. We decline to do so, primarily because we follow our own precedent and may not overrule a prior panel decision of this Court, absent an intervening change in the law by the legislature, a higher court, or this Court sitting en banc. *See Mitschke v. Borromeo*, 645 S.W.3d 251, 256 n.8 (Tex. 2022) (noting single panel of a multi-member court lacks power to overrule a precedent); *Dyer v. Medoc Health Servs., LLC*, 573 S.W.3d 418, 427 (Tex. App.—Dallas 2019, pet. denied); *In re A.C.*, 559 S.W.3d 176, 182

(Tex. App.—Dallas 2017), *aff'd*, 560 S.W.3d 624 (Tex. 2018); *MobileVision Imaging Servs., L.L.C. v. LifeCare Hosp. of N. Texas, L.P.*, 260 S.W.3d 561, 566 (Tex. App.—Dallas 2008, no pet.).

Given the absence of such an intervening change here, we follow our prior precedent in *In re B.M.* and *Peck*, apply the principles discussed by the Texas Supreme Court in *Leithold*, upon which both *B.M.* and *Peck* were based, and conclude that Mother has failed to show the trial court clearly abused its discretion.

While one court has suggested that *Leithold* might have been superseded by the Texas Family Code's enactment,[7] our prior precedent has continued to rely upon *Leithold* in the years since that enactment. We do so again here.

We overrule Mother's sole issue in part.[8]

### III. Conclusion

We affirm the trial court's February 20, 2020 order.

200559f.p05

/Ken Molberg/
KEN MOLBERG
JUSTICE

---

[7] *See Baltzer v. Medina*, 240 S.W.3d 469, 476 n.5 (Tex. App.—Houston [14th Dist.] 2007, no pet.) (stating that *Leithold* "did not hold that the civil procedure rules regarding pleadings and judgments do not apply to cases involving custody of minor children" and that, "[e]ven if it had so held, the enactment of section 156.004 of the Texas Family Code would supersede this holding").

[8] In light of our conclusion, we need not reach Mother's argument regarding trial by consent because it is unnecessary to disposition of the appeal. *See* TEX. R. APP. P. 47.1.

–9–



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF P.M.B.
AND P.M.B., CHILDREN

No. 05-20-00559-CV

On Appeal from the 219th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 219-51950-
2013.
Opinion delivered by Justice
Molberg. Justices Myers and Garcia
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 1st day of November 2022.