**Affirmed and Opinion Filed May 15, 2024**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-24-00159-CV

**IN THE INTEREST OF J.S.H., A CHILD, Appellant**
**V.**
**STATE OF TEXAS, Appellee**

**On Appeal from the 304th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. JC22-00322-W**

## MEMORANDUM OPINION

Before Justices Reichek, Carlyle, and Miskel
Opinion by Justice Miskel

Mother S.K.M. appeals from an order terminating her parental rights with respect to her child J.S.H. Her appellate counsel has filed a brief stating that, in his professional opinion, the appeal is frivolous and without merit. *See Anders v. California*, 386 U.S. 738 (1967). We conclude that counsel is correct and affirm the trial court's order.

## I. Background

This parental termination case was tried to the court. Mother appeared through appointed counsel on the first day of trial as well as in person on the second.

–1–

The trial court found that Mother had committed conduct described by sections 161.001(b)(1)(D) and (E) of the Texas Family Code and that termination was in the best interest of the child. The trial court signed an order terminating Mother's parent-child relationship with the child. Mother's trial counsel timely perfected this appeal. New counsel was appointed to represent Mother on appeal.

Mother's appellate counsel has filed an *Anders* brief. Counsel certified that he had provided Mother with a copy of the brief and informed her of her right to review the record and to file a pro se response to the brief. By letter of April 19, 2024, our Court Clerk notified Mother of her rights and directed her to contact this court by May 6, 2024, if she desired to review the record and file a response. As of the date of this opinion, Mother has not filed anything with the court concerning this case.

## II.    *Anders* Analysis

The procedure prescribed by *Anders v. California* applies when appointed counsel in a parental-termination case determines that an appeal is frivolous and without merit. *See In re D.D.*, 279 S.W.3d 849, 850 (Tex. App.—Dallas 2009, pet. denied). Under this procedure, counsel must conscientiously evaluate the appeal and file a brief that describes, with record references and citations to authority, anything

that might arguably support the appeal. *See Arevalos v. State*, 606 S.W.3d 912, 915 (Tex. App.—Dallas 2020, order).[1]

When counsel files an *Anders* brief in a parental termination case, we must independently conduct a review of the entire record to determine whether there are any arguable grounds for reversal and, if there are, remand the case for appointment of new counsel. *In re D.D.*, 279 S.W.3d at 850. However, we are not required to review the merits of each potential issue raised in the *Anders* brief or in a pro se response. *Id.*

Here, Mother's appellate counsel has filed a brief demonstrating that there are no arguable grounds for reversal and that any appeal would therefore lack merit and would be frivolous. *See Anders*, 386 U.S. at 744. The brief discusses, with record references, the evidence adduced at the bench trial. The brief identifies, with citations to authority, the standards of review applicable to the trial court's findings and rulings, and it applies the law to the facts of the case. The brief also addresses the few objections made during the multi-day bench trial.

We have independently reviewed the entire record and counsel's *Anders* brief and agree with counsel's assessment that the appeal is frivolous and without merit.

---

[1] *Subsequent proceeding*, No. 05-19-00466-CR, 2020 WL 5087778 (Tex. App.—Dallas Aug. 28, 2020, order) (mem. op., not designated for publication), *disp. on merits*, 2021 WL 2948582 (Tex. App.—Dallas June 30, 2021, no pet.) (mem. op., not designated for publication).

## III. Sufficiency of Evidence Supporting (D) and (E) Grounds

An order terminating a parent's rights under subsection (D) or (E) can be used as a basis to terminate the parent's rights to another child, so terminating parental rights under (D) or (E) has "significant" collateral consequences. FAM. § 161.001(b)(1)(M); *In re N.G.*, 577 S.W.3d 230, 234 (Tex. 2019) (per curiam). Accordingly, "due process requires an appellate court to review and detail its analysis as to termination of parental rights under section 161.001(b)(1)(D) or (E) of the Family Code when challenged on appeal." *In re Z.M.M.*, 577 S.W.3d 541, 543 (Tex. 2019) (per curiam); *In re N.G.*, 577 S.W.3d at 237.

Our Court has noted that it is unclear whether we are required to detail our analysis of (D) and (E) termination grounds in *Anders* cases. *In re Z.E.*, No. 05-22-01337-CV, 2023 WL 3595627, at *3, *6 (Tex. App.—Dallas May 23, 2023, pet. denied) (mem. op.); *see In re E.K.*, 608 S.W.3d 815, 815 (Tex. 2020) (Green, J., concurring in denial of petition for review) (highlighting that the supreme court has not yet addressed whether an *Anders* brief triggers the requirement to review (D) and (E) termination findings).

Out of an abundance of caution, we will review the evidence supporting our conclusion that no plausible grounds for appeal exist regarding whether legally and factually sufficient evidence supports the trial court's findings that Mother placed the child in conditions which endangered the physical and emotional wellbeing of

–4–

the child and that Mother engaged in conduct that endangered the child's physical and emotional well-being. *See In re N.G.*, 577 S.W.3d at 237; FAM. §§ 161.001(b)(1)(D), (E).

## A. Standard of Review

Considering the constitutional dimensions of the parent-child relationship, due process requires the application of the clear and convincing standard of proof in parental termination cases. *In re K.M.L.*, 443 S.W.3d 101, 112 (Tex. 2014). Clear and convincing evidence to support termination is "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." FAM. § 101.007; *see also In re C.H.*, 89 S.W.3d 17, 25 (Tex. 2002).

In a legal sufficiency review in a parental rights termination case, "a court should look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.F.C.*, 96 S.W.3d 256, 266 (Tex. 2002). In a factual sufficiency review, "a court of appeals must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing. . . the inquiry must be 'whether the evidence is such that a factfinder could reasonably form a firm belief or conviction about the truth of the State's allegations.'" *Id.* (quoting *In re*

*C.H.*, 89 S.W.3d at 25); *see also In re J.J.W.*, No. 05-22-00897-CV, 2023 WL 545528, at *3 (Tex. App.—Dallas Jan. 27, 2023, no pet.).

## B.      Applicable Law

Under Family Code § 161.001(b)(1)(D), parental rights may be terminated if clear and convincing evidence supports a finding that the parent "knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child." FAM. § 161.001(b)(1)(D).  Section 161.001(b)(1)(E) permits termination of parental rights if clear and convincing evidence supports a finding that the parent "engaged in conduct or knowingly placed the child with persons who engaged in conduct which endangers the physical or emotional well-being of the child."  *Id.* § 161.001(b)(1)(E).   Subsection (D) addresses the child's surroundings and environment while subsection (E) addresses a parent's misconduct. *In re J.D.B.*, 435 S.W.3d 452, 463 (Tex. App.—Dallas 2014, no pet.).

Subsections (D) and (E) both require proof of endangerment.  *Id*.  To "endanger" a child means to expose to loss or injury or to jeopardize the child's emotional or physical health, but it is not necessary that the conduct be directed at the child or that the child actually suffer an injury.  *Id*.

A parent's conduct that subjects a child to a life of uncertainty and instability endangers the child's physical and emotional well-being.  *In re T.J.*, No. 05-22-

–6–

00954-CV, 2023 WL 1988838, at *3 (Tex. App.—Dallas Feb. 14, 2023, no pet.) (mem. op.); *In re R.W.*, 129 S.W.3d 732, 739 (Tex. App.—Fort Worth 2004, pet. denied). A parent's use of illegal drugs—especially after a child's removal—can constitute endangering conduct within the meaning of § 161.001(b)(1)(E). *See In re A.C.*, No. 05-22-00341-CV, 2022 WL 4923519, at *6 (Tex. App.—Dallas Oct. 4, 2022, no pet.) (mem. op.). Likewise, a parent's prolonged lack of contact with a child or absence from a child's life can also qualify as endangering conduct, as can a parent's failure to cooperate with the Department of Family and Protective Services and failure to participate in court-ordered services. *In re T.J.*, 2023 WL 1988838, at *8, *9. A parent's incarceration is also a factor properly considered, when coupled with other relevant evidence, on the issue of endangerment. *In re L.E.H.*, No. 05-18-00903-CV, 2018 WL 6839565, at *5 (Tex. App.—Dallas Dec. 31, 2018, no pet.) (mem. op.) ("If the evidence, including imprisonment, proves a course of conduct that has the effect of endangering a child's physical or emotional well-being, a finding under subsection (E) is supportable.").

## C.    Sufficient Trial Evidence Supported the D and E Grounds

Because the evidence concerning the (D) and (E) termination grounds is interrelated, courts may consolidate examination of the record. *In re C.J.B.*, No. 05-19-00165-CV, 2019 WL 3940987, at *6 (Tex. App.—Dallas Aug. 21, 2019,

no pet. h.) (mem. op.). At trial in the present case, documentary evidence and witness testimony established, among other things, that:

- Mother had been incarcerated on and off for years. She was incarcerated during the first Department referral as well as the second referral. She was incarcerated when the child was removed but was released from incarceration during the case.

- Admitted State's Exhibit No. 2 showed Mother's years-long history of drug-related criminal convictions.

- Mother admitted that over the preceding six years, the child had primarily been in the care of someone other than the child's parents, mainly with the child's maternal grandmother.

- Mother placed the child in the maternal grandmother's home, where the child suffered physical abuse and witnessed domestic violence.

- Mother tested positive for illegal drugs after release from incarceration during this pending case. Shortly after reunification between Mother and the child was permitted, Mother tested positive for methamphetamines. Mother also refused to comply with court-ordered hair strand drug tests.

- Mother's family services therapist testified that Mother showed up for counseling with physical symptoms indicating she was on drugs. The therapist testified Mother needed additional counseling and possibly drug treatment, and also that Mother was not able to care for the child.

- The caseworker testified that Mother was not showing sufficient effort to improve and that returning the child to Mother would be a danger to the child.

- Mother's evidence failed to offer viable excuses for the events that had impacted the child or to offer strong plans for the child and herself going forward.

Mother did raise three groups of objections challenging the admissibility of certain testimony related to Mother's illegal drug use. However, Mother's appellate

counsel notes, and we agree after our independent review, that the trial court's evidentiary rulings could not have generated harmful error because the objected-to evidence was cumulative of other admitted and unobjected-to evidence. *See Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 907 (Tex. 2004) (A challenge to evidence is "deemed harmless and is waived if the objecting party subsequently permits the same or similar evidence to be introduced without objection."). Mother's trial objections could not raise any arguable ground for reversal or affect the sufficiency of the evidence supporting the Family Code sections D and E grounds for termination.

As fact finder in the bench trial, the court was entitled to credit testimony and evidence supporting its findings related to the grounds for termination. *See In re A.C.*, 559 S.W.3d 176, 180 (Tex. App.—Dallas 2017) (court of appeals "defer[s] to the factfinder's credibility determinations"), *aff'd*, 560 S.W.3d 624 (Tex. 2018). Applying the governing standards of review, we conclude that the evidence detailed above was legally and factually sufficient to support the trial court's findings that, by clear and convincing evidence, grounds for termination existed under sections 161.001(b)(1)(D) and (E). FAM. §§ 161.001(b)(1)(D) and (E); *see In re J.F.C.,* 96 S.W.3d at 266.

## IV. Withdrawal

In the *Anders* brief, appellant's counsel also requested that he be allowed to withdraw from representing appellant. In a termination of parental rights case, counsel's duty to his client extends through the exhaustion of "all appeals." FAM. § 107.016(2)(B); *In re P.M.*, 520 S.W.3d 24, 26-27 (Tex. 2016) (per curiam) (holding that "exhaustion of appeals" includes all proceedings in the Texas Supreme Court, including filing of petition for review). A motion to withdraw in our Court may be premature unless good cause is shown. *In re Z.E.*, No. 05-22-01337-CV, 2023 WL 3595627, *7 (Tex. App.—Dallas 2023, pet. denied); *In re D.S.A.*, No. 05-19-00679-CV, 2019 WL 6606369, *1 (Tex. App.—Dallas December 5, 2019, no pet.). The Texas Supreme Court has held that "counsel's belief that the client has no grounds to seek further review from the court of appeals' decision" is not "good cause" sufficient to justify counsel's withdrawal. *See In re P.M.*, 520 S.W.3d at 27. We therefore must deny counsel's request to withdraw. If appellant chooses to pursue a petition for review to the Texas Supreme Court, "appointed counsel's obligations can be satisfied by filing a petition for review that satisfies the standards for an *Anders* brief." *Id.* at 27-28; *In re A.M.*, 495 S.W.3d at 583.

## V. Conclusion

Having reviewed the record and the *Anders* brief, we conclude that there is no non-frivolous basis for this appeal. Thus, we affirm the trial court's judgment

terminating appellant's parental rights to J.S.H.  We deny the request of appellant's appointed counsel to withdraw from representing appellant.


/Emily Miskel/
EMILY MISKEL
JUSTICE

240159F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

IN THE INTEREST OF J.S.H., A CHILD, Appellant

No. 05-24-00159-CV        V.

STATE OF TEXAS, Appellee

On Appeal from the 304th Judicial District Court, Dallas County, Texas
Trial Court Cause No. JC22-00322-W.
Opinion delivered by Justice Miskel. Justices Reichek and Carlyle participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered this 15th day of May 2024.