

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00166-CV

---

IN THE INTEREST OF A.N., JR., A CHILD

---

On Appeal from the 72nd District Court
Lubbock County, Texas
Trial Court No. DC-2023-FM-2289, Honorable Kara Darnell, Presiding

---

August 15, 2025

## MEMORANDUM OPINION

### Before QUINN, CJ, and DOSS and YARBROUGH, JJ.

Pending before this Court is a motion to withdraw supported by a brief filed pursuant to *Anders v. California*.[1]  Appellant, V.V.,[2] appeals from the trial court's order terminating her parental rights to her son, A.N., Jr.  We affirm the termination order but

---

[1] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).  The procedures set forth in *Anders*, pertaining to a non-meritorious appeal of a criminal conviction, are applicable to the appeal of an order terminating parental rights.  *See In re A.W.T.*, 61 S.W.3d 87, 88 (Tex. App.—Amarillo 2001, no pet.).  The brief filed in this appeal meets the requirements of *Anders* by presenting a professional evaluation of the record and demonstrating why there are no arguable grounds for reversal of the trial court's termination order.

[2] To protect the privacy of the parties involved, we refer to them by their initials.  *See* TEX. FAM. CODE ANN. § 109.002(d).  *See also* TEX. R. APP. P. 9.8(b).  Father's rights were also terminated but he did not appeal.

defer ruling on counsel's motion to withdraw.  *See In re P.M.*, 520 S.W.3d 24, 25, 27 (Tex. 2016).

In support of his motion to withdraw, counsel certifies he has conducted a thorough review of the record, and in his opinion, the record reflects no potentially plausible basis to support an appeal.  *In re D.A.S.*, 973 S.W.2d 296, 297 (Tex. 1998).  Counsel has demonstrated he has complied with the requirements of *Anders* by (1) providing a copy of the brief to V.V. and (2) notifying her of the right to file a pro se response if she desired to do so.  *Id.*  By letter, this Court also granted V.V. an opportunity to exercise her right to file a response should she be so inclined.  No response was filed.  The Texas Department of Family and Protective Services notified this Court it would not file a response unless necessary or specifically requested to do so.  No such request was made.

## BACKGROUND

A.N., Jr. was removed from V.V. due to instability with their living situation and V.V.'s methamphetamine use.  They were staying at the Salvation Army.  The Department implemented a Family Service Plan.

At the final hearing, V.V. and the Department reached an agreement.  V.V. testified by phone she was living in Arizona.  She stipulated she failed to comply with court orders and agreed her parental rights could be terminated under section 161.001(b)(1)(O) of the Texas Family Code.  She also testified she reached an agreement with her son's prospective adoptive parents.  They agreed she would be allowed four virtual visits a year and communication and photographs via email.  When asked if the placement was in

2

A.N., Jr.'s best interest, V.V. answered, "yes." The permanency specialist also testified the child's placement has been "extraordinary," and it is in his best interest to be adopted.[3]

## APPLICABLE LAW

The Texas Family Code permits a court to terminate the parent-child relationship if the Department establishes one or more acts or omissions enumerated under section 161.001(b)(1) and termination of that relationship is in the child's best interest. *See* TEX. FAM. CODE ANN. § 161.001(b)(1), (2). *See also Holley v. Adams*, 544 S.W.2d 367, 370 (Tex. 1976). The burden of proof is clear and convincing evidence. § 161.206(a). "'Clear and convincing evidence' means the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." § 101.007.

A stipulation is regarded as a contractual agreement made in a judicial proceeding and given the same legal effect. *Jackson v. Lewis*, 554 S.W.2d 21, 24 (Tex. App.—Amarillo 1977, no writ). An open court stipulation must be dictated into the record to be binding. *Discovery Operating*, *Inc. v. Baskin*, 855 S.W.2d 884, 887 (Tex. App.—El Paso 1993, orig. proceeding). Stipulations by a parent have been found to pass muster under the sufficiency standards of review for termination orders. *See In re A.C.*, 559 S.W.3d 176, 181–82 (Tex. App.—Dallas 2017), *aff'd*, 560 S.W.3d 624 (Tex. 2018) (holding a mediated settlement agreement justified the best interest finding). Here, the conditions of the agreement between the Department and V.V. were made a part of the record and

---

[3] The Department attempted placements with relatives, but all were denied.

were not unclear or ambiguous.  *See Shepherd v. Ledford*, 926 S.W.2d 405, 410 (Tex. App.—Fort Worth 1996), *aff'd*, 962 S.W.2d 28 (Tex. 1998).

## ANALYSIS

By the *Anders* brief, counsel thoroughly reviews the underlying proceeding and concludes the evidence supports the trial court's finding under subsection (O) as well as the best interest finding.  Thus, he concedes there are no meritorious grounds to support an appeal.

As in a criminal case, we have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *See Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 102 L. Ed. 2d 300 (1988); *In re Schulman*, 252 S.W.3d 403, 409 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).  We have found no such issues.  *See Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969).  After reviewing the record and counsel's brief, we agree with counsel there is no plausible basis for reversal.

## CONCLUSION

The trial court's *Final Order of Termination* is affirmed.  We take no action on counsel's motion to withdraw but call counsel's attention to the continuing duty of representation through the exhaustion of proceedings, which may include the filing of a petition for review.  *In re P.M.*, 520 S.W.3d at 27.


Alex Yarbrough
Justice

4